IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELICA DUENEZ, ON BEHALF OF HERSELF AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN, <br><br> Plaintiff, <br><br> v. <br><br> DOWNTOWN CLEANERS, INC., AN ILLINOIS CORPORATION, SUNGKWON KIM, INDIVIDUALLY, AND STEPHANIE KIM, INDIVIDUALLY <br><br> Defendants. | No. 1:20-cv- <br><br> **Honorable Judge Presiding** <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

**NOW COMES** Plaintiff, **CELICA DUENEZ,** ("Plaintiff"), on behalf of herself and all other plaintiffs similarly situated, known and unknown, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendants, **DOWNTOWN CLEANERS, INC., AN ILLINOIS CORPORATION, SUNGKWON KIM AND STEPHANIE KIM** (collectively, the "Kims") (each a "Defendant", collectively "the Defendants"), states as follows:

**I. NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II. JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant

to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **DOWNTOWN CLEANERS, INC.,** ("Downtown Cleaners") owns and operates a number of full-service dry-cleaning stores across the Chicago area, including the 407 S. Peoria Street location at which Plaintiff worked. Defendant, Downtown Cleaners, is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **SUNGKWON KIM,** is the owner of Downtown Cleaners. In his capacity as owner of Downtown Cleaners, Kim was vested with the authority to implement and carry out the wage and hour practices of Downtown Cleaners. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Kim and Kim in turn responded to those communications with the authority described above. Thus, at all times relevant hereto, Kim was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Defendant, **STEPHANIE KIM,** is the co-owner of Downtown Cleaners. In her capacity as an owner of Downtown Cleaners, Kim was vested with the authority to

implement and carry out the wage and hour practices of Downtown Cleaners. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Kim and Kim in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Kim was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Plaintiff, **CELICA DUENEZ** (hereinafter referred to as "Plaintiff" or the "Named Plaintiff") is a former employee of Defendants who, between approximately June 2013 and March 4, 2020, was employed by Defendants as a general labor employee. Plaintiff performed manual labor duties related to pressing and steaming garments, operating the cash register, speaking with customers, and performing other manual labor and clerk duties as assigned. Plaintiff was compensated on an improper salary basis and was denied overtime pay for hours worked over 40 per work week. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

7. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants, were improperly denied overtime for hours worked in excess of 40 in individual work weeks as described above.

8. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

11. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

13. Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

14. Plaintiff was employed by Defendants from June 2013 to March 4, 2020.

15. Plaintiff spent substantial hours working for the benefit of the employer within the City of Chicago as Plaintiff worked at Defendants' store located within the City of Chicago at 407 S. Peoria Street.

16. Plaintiff was employed as an associate/laborer. Plaintiff performed duties related to steaming, pressing and cleaning garments, operating certain machinery for the purpose of dry cleaning garments, operated the cash register and answered customer inquiries. Plaintiff also performed other related duties as assigned. Plaintiff also aided other laborer employees employed by Downtown Cleaners.

17. Plaintiff's minimum schedule was the following: 7:00 a.m. to 6:30 p.m. Monday through Friday and 7: 00 a.m. to 5:30 p.m. on Saturday. Oftentimes, Plaintiff worked in excess of her regular schedule. Plaintiff always worked 6 days per week. Defendants did not use a time-keeping system of any kind to record working time of Plaintiff and the Plaintiff Class.

18. When Plaintiff began working for Defendants, she was paid approximately $490 per week. Over the course of her employment, Plaintiff received raises to $530 per week, $630 per week and was receiving approximately $760 per week upon her separation from Defendants' employ. Plaintiff was always paid in cash.

19. Throughout Plaintiff's entire employment, Plaintiff was paid an improper salary. As recently as February 2020, Defendants affirmed Plaintiff's basis of pay to Plaintiff in writing.

20. Over the course of Plaintiff's employment, Defendants would deduct $100 from Plaintiff's pay for partial absences, regardless of the duration of the absence.

21. Over the course of her entire employment with Defendants, Plaintiff performed exclusively "blue-collar", non-exempt manual labor duties at Defendants' dry cleaning store such that Plaintiff did not qualify for any salary exemptions under the FLSA and should have been compensated as a non-exempt hourly employee and received time and one-half her regular hourly rates of pay for all hours worked over 40 in a work week.

22. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendants paid Plaintiff's wages in cash in order to avoid the overtime provisions of the federal and state statutes relied upon herein and decreasing the amount taxes paid by Defendants to the United States Treasury as well as depriving the named Plaintiffs and members of the Plaintiff Class of their entitled contributions to Social Security, Medicare and Medicaid.

23. Over the entire course of Plaintiff's employment, including such time within the relevant period, she did not receive any compensation for hours worked in excess of 40 in a work week.

24. Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during her employment without pay at a rate of time and one half her regular hourly rates of pay for such hours.

25. Plaintiff was denied time and one half her regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

26. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

27. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-27. Paragraphs 1 through 27 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 27 of this Count I.

28. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

29. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-29. Paragraphs 1 through 29 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of Count II.

30. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

31. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-31. Paragraphs 1 through 31 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of Count III.

32. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

33. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-33. Paragraphs 1 through 33 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count IV.

34. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

35. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through the end of 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments for damages incurred in 2020.

36. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-36. Paragraphs 1 through 36 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count V.

37. Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

38. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

39. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times her regular hourly rates of pay.

40. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

  (c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  (d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 4/22/2020*

s/John W. Billhorn
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff